

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*                                    *Washington, D.C. 20530*

July 26, 2024

Hon. Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
601 Market Street, Room 21400
Philadelphia, PA 19106

> Re:  *United States v. Aqudre Quailes & Ayinda Harper*, Nos. 23-2533,
> 23-2604
> <u>Letter Reply Brief for the United States</u>

Dear Ms. Dodszuweit:

The United States submits this reply to Defendants' letter brief regarding the effect of *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  *Rahimi* provides no support for Defendants' contention that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to them.

Defendants argue that, because *Rahimi* involved a facial challenge, the "constitutional framework" in *Rahimi* was "considerably different" than here.  Def. Letter Br. 2.  But *Rahimi* rejected the defendant's facial challenge on the basis that § 922(g)(8) was "constitutional as applied to the facts of Rahimi's own case." *Rahimi*, 144 S. Ct. at 1898; *see id.* at 1903 ("Section 922(g)(8) is constitutional as applied to Rahimi").  Accordingly, *Rahimi*'s methodology is highly relevant to the as-applied challenges here.  And, as explained in the government's supplemental brief, several aspects of *Rahimi*'s reasoning confirm that § 922(g)(1) is constitutional as applied to Defendants.

Defendants also seek to distinguish *Rahimi* because § 922(g)(8) "is a temporary prohibition" that requires a court to "find[] that an individual poses a 'credible threat to the physical safety of another.'"  Def. Letter Br. 2 (quoting

*Rahimi*, 144 S. Ct. at 1901-02). But *Rahimi* did not suggest that the Second Amendment prohibits long-term prohibitions based on legislative judgments. The Court observed that "many" prohibitions on firearm possession, "like those on the possession of firearms by felons and the mentally ill, are presumptively lawful." *Rahimi*, 144 S. Ct. at 1902 (quotations omitted). And it said its opinion did "not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Id.* at 1901.

Contrary to Defendants' contention, the district court's incorrect result is not saved by the facts that it recited the relevant legal standard and purported not be seeking a "historical twin." Def. Letter Br. 2-3. The same was true of the Fifth Circuit's decision in *Rahimi*, *see* 61 F.4th 443, 454 (5th Cir. 2023), which the Supreme Court nonetheless reversed.

*Rahimi* does not support Defendants' contentions that the government "defaulted on its burden" and failed to adequately explain the "mechanics" of the historical laws. Def. Letter Br. 3. *Rahimi* relied on historical sources beyond those cited by the parties, *see Rahimi*, 144 S. Ct. at 1899-1901, and it was unpersuaded by various mechanical distinctions pointed out by the dissent, *id.* at 1903; *compare id.* at 1933-42 (Thomas, J., dissenting).

In seeking to distinguish historical laws disarming dangerous people, Defendants point out that they "possessed firearms in their homes" and "were not going about armed and threatening the public." Def. Letter Br. 4. But *Rahimi* relied on those same historical laws to uphold § 922(g)(8)'s application to a defendant's in-home possession of a firearm. *See* 144 S. Ct. at 1895, 1901-02.

Defendants also contend that "[t]he permanent restriction in (g)(1) regulates 'to an extent beyond what was done at the founding.'" Def. Letter Br. 4 (quoting *Rahimi*, 144 S. Ct. at 1898). In fact, § 922(g)(1)'s restriction is not invariably permanent. *See* 18 U.S.C. § 921(a)(20) (containing exceptions for expungement, pardon, or restoration of civil rights). Moreover, felons at the founding were subject to even greater restrictions, such as permanent deprivation of their lives or forfeiture of their entire estates. *See* Gov't Opening Br. 26-30. And *Rahimi* cannot be read to suggest that *any* regulation "beyond what was done at the founding" is unconstitutional. *Rahimi*, 144 S. Ct. at 1898. *Rahimi* emphasized that a modern law need not "precisely match its historical precursors" and that the Second Amendment "permits more than just those regulations identical to ones that could be found in 1791." *Id.* at 1897-98.

Accordingly, *Rahimi* confirms that § 922(g)(1) is constitutional as applied to Defendants.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1. This letter brief complies with the Court's July 8, 2024 order because the body of the letter contains 625 words.

2. This letter brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

3. The paper copies to be submitted to the Court are exact copies of the version submitted electronically.

4. This letter brief has been scanned for viruses with a commercial virus scanning program, CrowdStrike Falcon Sensor, version 7.14.18410.0, and according to that program, is free of viruses.

s/William A. Glaser
WILLIAM A. GLASER